**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Benigno N.[1],

Plaintiff,

v.

CIVIL NO. 23-1226 (GLS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**OPINION AND ORDER**

Plaintiff Benigno N. filed a Complaint seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. Docket No. 1. On September 26, 2024, the Court issued an Order remanding the case to the Social Security Administration ("SSA") agency with instructions to conduct a new hearing. Docket No. 21. On December 3, 2024, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Docket No. 23. Plaintiff asserts that he is a prevailing party and that the Commissioner's position was not substantially justified. Thus, Plaintiff requests $9,467.50 in attorney's fees. On January 15, 2025, the Commissioner opposed Plaintiff's request for attorney's fees on several grounds. Docket No. 26. First, the Commissioner argues that his position was substantially justified. Id. Second, the Commissioner contends that Plaintiff is not entitled to EAJA fees because he did not submit contemporaneous time records. Id. Alternatively, the Commissioner asserts that the requested fees should be reduced due to overbilling and because they are unsupported by sufficiently detailed time records. Id. Plaintiff replied at Docket No. 27.

Under section 2412(d)(1)(A) of the EAJA, a court shall award to a prevailing party, other than the United States, fees and other expenses incurred by that party in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). While the Government must prove that its position was substantially justified, it need

---

[1]        Plaintiff's last name is omitted for privacy reasons.

1

not show that it was justified to a high degree. <u>Saysana v. Gillen</u>, 614 F.3d 1, 5 (1st Cir. 2010) (<u>citing</u> <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). To be "substantially justified," the Government's position need only be one that a reasonable person could find correct— meaning it must have a "reasonable basis both in law and in fact." <u>McLaughlin v. Hagel</u>, 767 F.3d 113, 117 (1st Cir. 2014) (<u>citing</u> <u>Pierce</u>, 487 U.S at 565); <u>see also</u> <u>Dantran, Inc. v. U.S. Dept. of Labor</u>, 246 F.3d 36, 41 (1st Cir. 2001) ("This standard means that the government's case need not be frivolous to support an award of fees, [...], but, on the other hand, the litigation need not be a cliffhanger to be sufficiently justified."). Importantly, "[w]hen the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified." <u>Saysana v. Gillen</u>, 614 F.3d at 5 (<u>citing</u> <u>Schock v. United States</u>, 254 F.3d 1, 6 (1st Cir. 2001)).

In addition to establishing that the Government's position was not substantially justified, a party seeking EAJA fees must specify "the amount sought, including an itemized statement from any attorney [...] stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B); <u>see also</u> <u>Castañeda-Castillo v. Holder</u>, 723 F.3d 48, 79 (1st Cir. 2013); <u>Cano v. Saul</u>, 505 F. Supp. 3d 20, 23 (D. Mass. 2020). This statement must provide a complete and specific account of the work performed, "including 'the dates of performance, and the number of hours spent on each task' as well as a description of the nature of the tasks." <u>Castañeda-Castillo</u>, 723 F.3d at 79 (<u>quoting</u> <u>Weinberger v. Great N. Nekoosa Corp.</u>, 925 F.2d 518, 527 (1st Cir. 1991)). It must also include "detailed contemporaneous time records" showing how time was allocated to each claim so that the paying party can assess both the accuracy of the record and the reasonableness of the time claimed. <u>Castañeda-Castillo</u>, 723 F.3d at 79 (<u>quoting</u> <u>Grendel's Den, Inc. v. Larkin</u>, 749 F.2d 945, 952 (1st Cir. 1984); <u>Calhoun v. Acme Cleveland Corp.</u>, 801 F.2d 558, 560 (1st Cir. 1986)).

The Commissioner argues that Plaintiff has not met this burden because his submission does not satisfy Section 2412(d)(1)(B). Specifically, the Commissioner contends that Plaintiff's counsel copied an EAJA petition from another case, <u>Eladio P.G. v. Comm'r of Soc. Sec.</u>, Civ. No. 23-1297 (GLS), 2024 WL 4296969 (D.P.R. Sept. 26, 2024) in his submission for this case. The case of <u>Eladio P.G.</u> was brought forth by the same counsel, arose from virtually identical facts, required the court to consider the same arguments, and was remanded by the undersigned on the same grounds. A review of the timesheets submitted in <u>Eladio P.G.</u> confirms that they are nearly identical to those submitted here. <u>See</u> <u>Eladio P.G.</u>, Civ. No. 23-1297 (Docket No. 21-4). Indeed, Plaintiff's time records here include the case number of the case in <u>Eladio P.G.</u>, and the EAJA memorandum repeatedly refers to that case. <u>See</u> Docket Nos. 23-4 at

2

p. 1, 23-1 at pp. 2-3. The timesheets further show that 19 out of the 20 time entries in both cases are identical; they contain the same description of work performed and number of hours claimed. These include entries such as: (1) 10 hours for "Social Security Transcript Reading and Analysis;" (2) 10 hours for "Plaintiffs Social Security Brief Preparation;" (3) 5 hours for "Plaintiffs Reply Brief;" and (4) 10 hours for "Legal Research for Plaintiffs Memorandum." See Docket 23-4; compare Eladio P.G., Civ. No. 23-1297 (Docket No. 21-4). The substantial similarity in the time entries submitted in both cases in support of the request for fees strongly suggests that the timesheets submitted by counsel in this case were not derived from case-specific, contemporaneous records. This apparent reproduction prevents the Court from determining whether the time claimed by counsel in this case is an accurate reflection of the work performed in this case and, in turn, precludes any meaningful assessment of the reasonableness of the hours expended here. Eduardo V. v. O'Malley, 2024 WL 1715138, at *3 (D.R.I. Apr. 22, 2024) (denying EAJA fees where time sheets for different cases contained nearly identical entries). The concern as to reasonableness is also featured by another duplicated entry, where counsel claims to have spent ten (10) hours performing legal research sometime between May 2023 and January 2024. Docket No. 21-4. Unlike the other time entries submitted by counsel, this one does not identify a specific date in which the work was performed but instead aggregates time over an eight-month period. This lack of specificity demonstrates a failure to maintain contemporaneous records to explain how time was allocated to particular tasks. Plaintiff has not addressed these deficiencies and instead criticized the Commissioner for opposing the fee request. Docket No. 27. However, Section 2421(d)(1)(B) allows recovery only for time actually expended, and the Commissioner "was and is duty bound to raise these issues without regard to how modest the total is because this is a 'matter[ ] concerning the public fisc.'" Eduardo V. v. O'Malley, 2022 WL 22441521, at *7 (D.R.I. Feb. 21, 2024), report and recommendation adopted, 2024 WL 1715138 (D.R.I. Apr. 22, 2024) (citations omitted). Taken together, the near-identical time entries submitted in both cases and their lack of detail hinder both the Commissioner's and the Court's ability to evaluate the accuracy of the records or the reasonableness of the time expended in the prosecution of this case. Castañeda-Castillo, 723 F.3d at 79.

The Commissioner also opposes Plaintiff's fee request because the Government's position was substantially justified as the issue before the Court was a novel one and there is no binding circuit precedent. The legal issue which merited a remand of this case was whether due process required the SSA to merely identify the evidence it intended to disregard as fraudulent, or whether it was also required to disclose the basis for its belief that such evidence supported a finding of fraud in the claimant's case. In

resolving this issue, this Court relied on Pérez-Maldonado v. Comm'r of Soc. Sec., 2024 WL 3517637 (D.P.R. July 24, 2024), a case with nearly identical facts. There, the court held that the redetermination procedure employed by the SSA violated due process by failing to present, prior or during the hearing, the evidence and reasoning underlying a fraud determination. Pérez-Maldonado, 2024 WL 3517637, at *5-6. Although the administrative law judge explained the basis for the determination in a post-hearing decision, the fact that the explanations were not provided during the redetermination hearing deprived the claimant of the opportunity to challenge them. Id. at *6. Applying that reasoning, this Court similarly concluded that the failure to articulate the basis for the fraud finding before or during the hearing deprived Plaintiff of due process. See Docket No. 19.

The timing and state of the law at the time in which arguments were made and the matter resolved by this Court are critical to the substantial-justification analysis. Pérez-Maldonado was decided on July 24, 2024, approximately six (6) months after the Commissioner filed his brief in this case on January 3, 2024. See Docket No. 16. By the time the Commissioner filed his brief, no court in this district had addressed the specific due process question that prompted the remand in Pérez-Maldonado and in this case. Moreover, only a few weeks before Pérez-Maldonado, another court in this district reached the opposite conclusion in Sepúlveda-Vega v. Comm'r of Soc. Sec., 2024 WL 3325331, at *10 (D.P.R. July 3, 2024). In Sepúlveda-Vega, which involved three cases consolidated into a single action, the court found that the ALJs complied with applicable law by identifying the evidence they intended to exclude and providing reasoned explanations for their determinations after conducting hearings in which the claimants participated. While neither Pérez-Maldonado nor Sepúlveda-Vega constitute binding precedent, the existence of conflicting persuasive decisions within the same district at the time this Court rendered its opinion underscores the unsettled nature of the legal question at issue. Courts have consistently recognized that, where the law is unsettled, the Government's position is more likely to be substantially justified. Schock, 254 F.3d at 6 ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified."). The relevant inquiry is not whether the Commissioner's position ultimately prevailed, but whether it was reasonable when advanced. Bernardo-Rodrigues v. Hyde, 2026 WL 370863, at *3 (D. Me. Feb. 10, 2026). Considering the novelty of the issue, the absence of controlling precedent, and the emerging split in this district, the Court finds that the Commissioner's position had a reasonable basis in law and was substantially justified.

### III.    Conclusion

Because the Commissioner has met his burden, and Plaintiff failed to address any of the Commissioner's arguments in his reply, Plaintiff's motion for EAJA fees is **DENIED**. Schock, 254 F.3d at 5 (citing Sierra Club v. Secretary of Army, 820 F.2d 513, 517 (1st Cir. 1987)).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of April 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge